UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARRYEL WALTERS                                CIVIL ACTION

VERSUS

T.H. HILL ASSOCIATES, INC.              NO.: 3:12-CV-00723-BAJ-SCR

## RULING AND ORDER

Before the Court is a motion to dismiss for improper venue, filed by Defendant T.H. Hill Associates, Inc. ("Defendant"), seeking an Order from this Court dismissing Plaintiff Darryel Walters's ("Plaintiff") lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(3). In the alternative, Defendant seeks an order from this Court transferring the Plaintiff's lawsuit to the United States District Court for the Southern District of Texas in Houston, Texas. Plaintiff opposes the motion. The Court granted Defendant leave to file a reply memorandum. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

I.  **Background**

Defendant is a Texas corporation with its headquarters and principal office in Houston, Texas (Doc. 4-1, at 1). Defendant is licensed to do business in Louisiana, where it lists a Louisiana principal business office in Baton Rouge, Louisiana (Doc. 6, at 2).

Defendant is in the business of providing assurance and engineering services to oil and natural gas clients (Doc. 4-1, at 1). Plaintiff applied for a "Quality

Assurance Technician" position with Defendant in March of 2010 and interviewed for the position in Houston (Doc. 1, at 2; Doc. 4-1, at 1). Managers in Houston decided not to hire Plaintiff for the position he sought and notified Plaintiff of the company's decision (Doc. 4-1, at 2).

Subsequently, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") (Doc. 4-1, at 2). His charge, however, was dismissed on August 17, 2012, for lack of probable cause (Doc. 4-1, at 2). Following the dismissal of his Charge of Discrimination with the EEOC, Plaintiff filed the instant action against Defendant alleging a federal cause of action under Title VII of the Civil Rights Act of 1964 ("Title VII") (Doc. 1, at 3). Plaintiff alleges that he was not hired for the job as a result of his race, and that Defendant discriminated against him by hiring unqualified Caucasian males as Quality Assurance Technicians (Doc. 1, at 3).

Defendant now seeks an Order from this Court, dismissing this action for improper venue (Doc. 4, at 1). As an alternative to dismissal, the Defendant seeks an Order to transfer Plaintiff's complaint to the Southern District of Texas (Doc. 4, at 1).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(3) provides for a motion to dismiss for improper venue. Upon objection to venue, the burden is on the plaintiff to establish that venue is proper, but the Court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Ginter ex rel. Ballard v.*

*Belcher, Predergast & Laporte,* 536 F.3d 439, 448-49 (5th Cir. 2008). Courts, however, may consider evidence in the record beyond simply those facts alleged in the complaint and its proper attachments. *Id.*

Title VII contains a specific venue provision that displaces the general venue provision set out in 28 U.S.C. § 1391. For Title VII claims, venue is proper in only those districts which comport with 42 U.S.C. § 2000e-5(f)(3). *In re Horseshoe Ent.,* 337 F.3d 429 (5th Cir. 2003); *Allen v. U.S. Dept. of Homeland Sec.,* 514 F. App'x 421 (5th Cir. 2013). Section 2000e-5(f)(3) provides that venue is proper in all of the following: (1) any judicial district in the State in which the unlawful employment practice is alleged to have been committed; (2) the judicial district in which the employment records relevant to such practice are maintained and administered; and (3) the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. Additionally, if the respondent is not found within any of the above-mentioned districts, § 2000e-5(f)(3) provides that venue is proper in the judicial district in which the respondent has its principal office.

Pursuant to 28 U.S.C. § 1406(a), when venue is found to be improper, a district court shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. A district court has broad discretion in deciding whether to order a transfer. *Caldwell v. Palmetto State Savs. Bank of S.C.,* 811 F.2d 916, 919 (5th Cir. 1987). If transfer is warranted, courts can consider similar factors to those connected to a traditional motion to

3

transfer pursuant to 28 U.S.C. § 1404(a). *See Murungi v. Touro Infirmary,* No. 11-411, 2011 WL 3206859, at *6 (W.D. La. June 29, 2011) (considering items such as ease of access, availability to secure witnesses, costs of witness attendance, judicial efficiency, familiarity of the forum with the law connected to the case, and the avoidance of unnecessary conflicts of law problems in transferring various claims under § 1404 and § 1406).

### III. Analysis

Defendant argues that venue is improper in the Middle District of Louisiana ("Middle District") because this District does not fit any of the defined venue alternatives in § 2000e-5(f)(3) (Doc. 4-1, at 3). Specifically, the Plaintiff's interview occurred, and the decision not to hire was made, in Houston, Texas (Doc. 4-1, at 3); all filings relevant to Defendant's decision not to hire Plaintiff were maintained and administered in Houston (Doc. 4-1, at 3); the Defendant did not know where Plaintiff would have worked had he been hired (Doc. 4-1, at 4); and Defendant's principal office is irrelevant because Defendant can be found in alternative districts (Doc. 4-1, at 4). Accordingly, Defendant asserts that the case should be dismissed or transferred to the Southern District of Texas (Doc. 4-1, at 4-5).

In opposition, Plaintiff points to facts connecting his claims to Louisiana. Specifically, Plaintiff took a "pre-interview" telephone call with Defendant and was notified of not being hired while located in Houma, Louisiana (Doc. 6, at 2); all emails, telephone calls, and facsimiles were sent to and from Plaintiff while he was located in Houma (Doc. 6, at 2-3); Plaintiff understood himself to be applying for a

position in Houma, Lafayette, or Fouchon, Louisiana (Doc. 6, at 3); and Louisiana Secretary of State records list Baton Rouge as Defendant's principal business establishment in Louisiana (Doc. 6, at 3). As such, Plaintiff asserts that venue is proper in the Middle District. However, if transfer is necessary, Plaintiff requests that his claims be directed to the Eastern District of Louisiana (Doc. 6, at 3).

### A. Venue in the Middle District of Louisiana is Improper

The Court agrees with the Defendant that the Middle District of Louisiana fits no venue alternative mandated by § 2000e-5(f)(3) in Title VII cases. First, the alleged unlawful employment practice did not take place in the state of Louisiana. Plaintiff interviewed in Texas; the decision not to hire Plaintiff was made in Texas; and Plaintiff was notified from Texas of the critical employment decision that he would not be hired (Doc. 4-1, at 1-2). Additionally, without more, a pre-interview telephone call taken in Louisiana, and correspondence received in Louisiana, is not sufficient to support venue in any Louisiana judicial district. *See Kapche v. Gonzales,* No. 07-31, 2007 WL 3270393, at *4 (S.D. Tex. Nov. 2, 2007) (noting that under the first prong of § 2000e-5(f)(3) venue is only proper in the state where the decisions giving rise to the alleged discrimination occurred); *Carrothers v. Noblestar Systems Corp.,* No. 05-610, 2006 WL 734347, at *2 (S.D. Tex. Mar. 21, 2006) (noting the state in which alleged unlawful employment practices are merely communicated is not sufficient to confer venue pursuant to the first prong of § 2000e-5(f)(3)).

Second, the employment records relevant to the alleged unlawful employment practice are not maintained and administered in the Middle District. Defendant has

5

## B. The Matter is Transferred to the Southern District of Texas

Having determined that venue is improper, the Court now addresses whether to dismiss or transfer this matter under 28 U.S.C. § 1406(a). While this Court has the discretion to dismiss the case, interests of justice are served by transferring to a proper venue.

The Southern District of Texas is a proper venue for transfer. As mentioned, the alleged unlawful employment actions took place in Texas, specifically in Houston. Houston is the home of the company's headquarters and all relevant materials to the alleged unlawful employment activity. Furthermore, in its reply memorandum, Defendant concedes that venue is proper in the Southern District of Texas (Doc. 12, at 4) ("It is clear based on these factors that the Southern District of Texas is the appropriate forum for transfer."). In accordance with all of the above, the court finds Defendant's request to transfer this matter to the Southern District of Texas to be fitting and reasonable. *See Tucker v. U.S. Dep't of Army,* 42 F.3d 641 (5th Cir. 1994) (remanding case to the district court with orders to transfer plaintiff's Title VII claim to the Northern District of Texas pursuant to § 1406 when the alleged discrimination took place in Texas, the relevant employment records were held in Texas, and the plaintiff would have been stationed in Texas but for the alleged discrimination).

Therefore, Defendant's request that this case be dismissed is DENIED. Defendant's request that this matter be transferred to the Southern District of Texas is hereby GRANTED.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (Doc. 4)** is **DENIED in part and GRANTED in part.** Defendant's motion is **DENIED** to the extent that it seeks dismissal of Plaintiff's complaint, and **GRANTED** to the extent that it seeks transfer of venue to the Southern District of Texas.

Baton Rouge, Louisiana, September 19, 2013

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA